UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

H. PATRICK BARCLAY, 97-A-5659,

            Plaintiff,

                                            DECISION AND ORDER
            -v-                                03-CV-6585CJS(Fe)

Officer POLAND, et al.,

            Defendants.
_____

INTRODUCTION

This is an action pursuant to 42 U.S.C. § 1983. Now before the Court is the defendants' motion [#11] to dismiss several of plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the application is granted in part and denied in part.

BACKGROUND

Plaintiff is an inmate at Auburn Correctional Facility. In this action, plaintiff raises a variety of claims, which the Court discussed in two of its previous Decisions and Orders [#5][#7]. Plaintiff is attempting to assert constitutional claims for retaliation, excessive force, failure to protect, deliberate indifference to serious medical needs, procedural due process, denial of religious freedom, and racial discrimination, as well as state-law tort claims for defamation and fraud. For purposes of this application, it is sufficient to note that plaintiff is a black man who claims to have a college education who also claims to suffer from physical disabilities. Plaintiff alleges that after he was transferred to Attica Correctional Facility ("Attica") in 2002, defendants began retaliating against him because

of an earlier lawsuit that he had filed against officials at Attica. Plaintiff contends that certain defendants threatened him with physical harm, that some actually assaulted him, and that others failed to protect him from the assault. He also alleges that medical staff failed to provide proper medical care following the assault. Plaintiff further contends that defendants wrote false misbehavior reports against him and denied him fair hearings, resulting in a restriction of his privileges. Plaintiff also maintains that, because of his race, defendants refused to place him in the correct educational program, and attempted to use falsified test results to place him in a pre-G.E.D.-level educational program. With regard to the alleged falsified test results, he also contends that defendants defamed him and committed fraud by placing the test results on the New York State Department of Correctional Service's ("DOCS") computers.

## ANALYSIS

Defendants move to dismiss many of plaintiff's claims, on the grounds that they fail to state a claim upon which relief may be granted. It is well settled that in determining a motion under Fed. R. Civ. P. 12(b)(6), a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). While the Court must accept as true a plaintiff's factual allegations, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)). The Court "may dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." *Id*. (internal quotations omitted)(*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Generally on a motion to dismiss pursuant to Rule 12(b)(6), the Court must consider only the complaint, which is deemed to include "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)(citations and internal quotations omitted). Moreover, "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Id*. at 153.

*Official Capacity Claims*

Defendants contend that all claims against them in their official capacities must be dismissed, to the extent that they seek money damages. The Court agrees, since it is well settled that claims seeking money damages against state agencies and departments, as well as state officials who are sued in their official capacities, are barred by the Eleventh Amendment to the United States Constitution. *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002). However, a plaintiff may sue such entities in their official capacities for injunctive or declaratory relief, and may also sue state officials in their individual capacities for money damages. *Id*. at 102. Accordingly, to the extent that plaintiff may be attempting to sue the State of New York, its agencies or departments, or any officials in their official capacities, for money damages, those claims are dismissed.

*State Law Tort Claims*

Defendants also contend that plaintiffs state-law causes of action for assault, battery, emotional distress, libel, defamation, slander, and fraud, are all barred by § 24 of the New York State Correction Law.  In that regard, it is clear that state-law claims "against any officer or empoyee of [DOCS] , in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee" may only be brought as claims against the State of New York in the New York Court of Claims. N.Y. CORRECTION LAW § 24; *see also, Baker v. Coughlin*, 77 F.3d 12, 14-16 (2d Cir. 1996).  Accordingly, plaintiff's New York state tort claims, including his claims for slander, libel, battery, and fraud, are dismissed.

*Use of Force/Medical Claims Against Poland*

Defendants next contend that all claims against defendant Poland involving excessive force or denial of medical care should be dismissed, since there are no factual allegations linking him to those claims.[1]  Plaintiff responds that Poland should be held liable for the alleged use of force by others, because he verbally threatened plaintiff.  Plaintiff also states, in conclusory fashion, that Poland "acted with deliberate indifference towards plaintiff." Decl. in Opposition to Defs. Motion [#14] p. 13.  The allegations against Poland in the Amended Complaint are that he: 1) verbally threatened plaintiff( pp. 12, 14, 17); 2) conspired to retaliate against plaintiff (pp. 15, 18); 3) "attempted" to, but did not actually, assault him (p. 14); and 4) failed to protect him.  The Court already dismissed the

---

[1] Defendants make this motion, since in the Court's prior Decision and Order [#7], it stated that "the Eighth Amendment excessive force and denial of medical care claims may go forward against Polanco [sic]." Decision and Order [#7], p. 9.

conspiracy cause of action, as well as the failure to protect cause of action as against Poland in its prior Decision and Order [#7].  As for the alleged use of force by Poland, the complaint indicates, at most, that Poland threatened plaintiff.  There is no indication that Poland, or anyone else, actually harmed plaintiff on August 12, 2002, the occasion at issue involving Poland. *See*, Amended Complaint p. 14, ¶ 19.[2]  Nor is there any allegation that Poland was involved in plaintiff's medical care.  Accordingly, the Court agrees that the Amended Complaint fails to state a claim for either excessive force or denial of medical care as against Poland, and any such purported claims are dismissed.  Consequently, the only claim remaining in this case against Poland is a claim for retaliation.

*Personal Involvement by Szemplenski, Knapp-David, and Goord*

Defendants next contend that the claims against Attica Educational Supervisor Michael J. Szemplenski ("Szemplenski"), Department of Correctional Services (DOCS) Commissioner Glenn Goord ("Goord"), and DOCS Director of Correctional Placement Theresa Knapp-David ("Knapp-David"), should be dismissed for lack of personal involvement, since these defendants only received correspondence from plaintiff.  Plaintiff wrote to Goord requesting that he be transferred to a different prison out of concern for his safety.  Goord did not respond to the letter.  However, plaintiff alleges that Knapp-David responded, "on behalf of Mr. Goord," to the letter, and told him that his placement was appropriate. (Amended Complaint [#6] p. 15, ¶¶ 10-12).  The actual letter that plaintiff sent is not before the Court at this time.  Plaintiff also claims that he wrote to Szemplenski, complaining that he should not be placed in a pre-G.E.D.-level educational program, and

---

[2]The Amended Complaint alleges that defendants Lowe and Mehnert assaulted plaintiff three months later, on November 20, 2002. *Id*. at p. 16, ¶ 36.

5

that Szemplenski did not respond. *Id*. at p. 14, ¶ 21.  Plaintiff's letter to Szemplenski is also not before the Court.

Defendants contend, as a general matter, that receiving letters and grievances from inmates is insufficient to establish the personal involvement of a prison official in an alleged constitutional violation.  It is well settled that "personal involvement" under 42 U.S.C. § 1983 may arise in the following ways:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Circuit 1995) (citation omitted).  "However, courts in this Circuit, applying the principles laid out in *Colon*, have agreed that receiving a letter from an inmate does not constitute sufficient personal involvement to generate supervisory liability." *Petty v. Goord*, No. 00 Civ.803 (MBM), 2002 WL 31458240 at *8 (S.D.N.Y.  Nov. 4, 2002) (Mukasey, J.).  On the other hand, "personal involvement will be found . . . where a supervisory official receives and acts on a prisoner's grievance or otherwise reviews and responds to a prisoner's complaint." *Rivera v. Pataki*, No. 04 Civ. 1286(MBM), 2005 WL 407710 at *23 (S.D.N.Y. Feb. 7, 2005) (Mukasey, J.) (*quoting Johnson v. Wright*, 234 F.Supp.2d 352,  363-64  (S.D.N.Y.2002)).

Applying the foregoing principles of law to the facts of this case, the Court agrees with defendants that the claims against Goord and Szemplenski should be dismissed for

lack of personal involvement, since the Amended Complaint alleges only that each received a letter from plaintiff and took no further action. *See, Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (Dismissing claims against DOCS Commissioner, finding that receipt of two letters from inmate-plaintiff did not establish personal involvement). However, the claims against Knapp-David may go forward, since she denied plaintiff's request to be transferred to a different prison.

*Fourteenth Amendment Racial Discrimination Claim*

Defendants also contend that the racial discrimination claims against Corrections Counselors Warner and Roach, and Educational Supervisor Szemplenski, should be dismissed for failure to state a claim. Since the Court has already dismissed Szemplenski from the case, it will only consider the motion as to Warner and Roach. To state a claim pursuant to the Equal Protection Clause of the Fourteenth Amendment in the prison setting, a plaintiff must allege purposeful discrimination against an identifiable or suspect class of inmates. *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995). Here, plaintiff alleges that Roach and Warner attempted to force him into a pre-G.E.D.-level educational program, using falsified test results, even though he explained to them that he had a college education. Amended Complaint ¶ ¶ 7-16. He further suggests that Roach and Warner's alleged actions were intended to discriminate against black inmates, particularly those with higher levels of education. *Id*. at ¶ ¶ 30, 85-88. Reading the pro se complaint liberally, as it is required to do, the Court finds that plaintiff has met the low threshold required to survive a 12(b)(6) motion as to his racial discrimination claim against Warner and Roach.

CONCLUSION

For the reasons set forth above, defendants' motion to dismiss [#11] is granted in part and denied in part.  The application is granted as to plaintiff's claims for money damages against the State of New York and against the individual defendants in their official capacities, his state tort claims, his excessive force and denial of medical treatment claims against Poland, and his claims against Goord and Szemplenski.  The application is denied as to the failure-to-protect claims against Knapp-David and the racial discrimination claims against Roach and Warner.

SO ORDERED.

Dated:        January 19, 2006
              Rochester, New York

                                            /s/ Charles J. Siragusa
                                            CHARLES J. SIRAGUSA
                                            United States District Judge