UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

H. PATRICK BARCLAY,

              Plaintiff,

v.

OFFICER POLAND, et al.,

              Defendants.

REPORT & RECOMMENDATION
and DECISION & ORDER

03-CV-6585CJS

---

Plaintiff H. Patrick Barclay ("Barclay") has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, asserting constitutional claims for retaliation, excessive force, deliberate indifference to serious medical needs, due process violations, racial discrimination, and denial of the right to practice religion. (Docket # 6). Currently pending before the Court are motions by plaintiff to amend his complaint (Docket # 32) and to compel discovery (Docket ## 37, 45), as well as a request for the issuance of a *subpoena duces tecum* (Docket # 37).

**REPORT & RECOMMENDATION**

**Motion to Amend**

    **A. Background**

Barclay filed the instant action on November 20, 2003, regarding events occurring between June and November 2002 at the Attica Correctional Facility ("Attica"), where he was incarcerated at the time. (Docket # 1). On June 17, 2004, United States District Judge John T. Elfvin dismissed Barclay's claims against the State of New York and granted Barclay leave to

file an amended complaint because the original lacked the clarity and concision required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. (Docket # 5). On July 23, 2004, Barclay filed an amended complaint against fourteen named defendants and eight "John Doe" defendants. (Docket # 6). After review, on December 15, 2004, United States District Judge Charles J. Siragusa dismissed the following claims with prejudice: all of the conspiracy claims; certain failure to protect claims; claims brought under the Americans with Disabilities Act ("ADA"); and, claims brought under 42 U.S.C. § 1997.[1] (Docket # 7 at 10). Barclay's claims against twenty defendants for retaliation, excessive force, denial of medical care, due process violations, racial discrimination, denial of religious freedom and state tort claims were permitted to proceed. (*Id*. at 9).

Defendants subsequently moved to dismiss the amended complaint on the basis that it failed to state a claim under Rule 12(b)(6) of the Federal Rules. (Docket # 11). Judge Siragusa denied the motion to dismiss the complaint, but dismissed certain of its claims, namely, the claims for money damages against the State of New York, the state tort claims, the claims against defendant Poland for excessive force and denial of medical care, all of the claims against former Commissioner of the New York State Department of Correctional Services ("DOCS"), Glenn Goord ("Goord"), Educational Supervisor Szemplenski ("Szemplenski") and the claims against the individual defendants in their official capacities.[2] (Docket # 17).

Approximately eight months after Barclay initiated the instant action, he filed a second action in this district. *See Barclay v. Lowe*, No. 04-CV-6321 (W.D.N.Y. 2004). In the

---

[1] *Barclay v. Polano*, 2004 WL 2900694 (W.D.N.Y. 2004).

[2] *Barclay v. Poland*, 2006 WL 145552 (W.D.N.Y. 2006).

complaint in that action, he alleged that over a dozen defendants, some of whom he had named in this action, further violated his constitutional rights at Attica. For example, the complaint alleged that defendant Lowe, a defendant in this action, and other defendants assaulted him on July 11, 2003. (*See* 04-CV-6321, Docket # 1). United States District Judge David G. Larimer subsequently dismissed the second action as duplicative of the instant action. (*See id.*, Docket # 3). In his dismissal order, Judge Larimer advised Barclay that if he wished to add claims or facts that had not been alleged in the instant action, then he "may wish to make a motion . . . to be allowed to file a further amended complaint [in the instant case]." (*Id.*). Judge Larimer's dismissal was affirmed on appeal. *Barclay v. Lowe*, 131 F. App'x 778 (2d Cir. 2005).

On January 26, 2009, over four years after Judge Larimer's decision, Barclay filed the pending motion to amend his complaint.[3] (Docket # 32). The proposed amended complaint names fourteen new defendants, all of whom were named as defendants in the action dismissed by Judge Larimer and three of whom were previously dismissed from this instant action by Judge Siragusa: the State of New York, Goord and Szemplenski. A comparison of the proposed amended complaint with the complaint that Judge Larimer dismissed reveals that the claims against the eleven newly-named defendants largely mirror those that were dismissed by Judge Larimer. In addition, the proposed amended complaint asserts the same claims (conspiracy,

---

[3] Barclay submitted the proposed amended complaint without a motion identifying the changes he proposes or setting forth the basis for those changes. (*See* Docket # 32). It is dated January 16, 2009, and thus was timely filed within the deadline set by this Court's scheduling order for filing motions to amend or join parties. (Docket # 31).

Barclay states that he previously mailed a motion to amend his complaint to defense counsel and the Court on May 17, 2007. (Docket # 37 at ¶ 24). Indeed, a review of the Court's file reveals a letter from defense counsel dated June 5, 2007, referencing Barclay's motion. (*See* June 5, 2007 letter from Gary Levine, Esq.). No motion from Barclay was ever docketed by the Court, however; nor is there any indication in the record or docket that such a motion was received by the Court prior to the receipt of the proposed amended complaint on January 26, 2009.

3

failure to protect, state law tort, ADA and 42 U.S.C. § 1997) that were previously dismissed by Judge Siragusa.

Defendants oppose Barclay's motion to amend on several grounds. First, they argue that Barclay's attempt to add the claims dismissed by Judge Larimer is untimely because more than four years have elapsed since Judge Larimer instructed Barclay to move to amend the complaint in the current action. (Docket # 34). Moreover, defendants contend that the statute of limitations for claims against the eleven new defendants has expired, rendering plaintiff's claims against them time-barred. (*Id.* at 4-5). Defendants further object to plaintiff's attempt to include claims that have been previously dismissed as a circumvention of Judge Siragusa's prior rulings. (*Id.* at 4).

In advancing these contentions, defendants note that the only claims remaining in this case are "a retaliation claim against defendant Poland, a failure to protect claim against defendant Knapp-David, and the racial discrimination claims against Roach and Warner." (Docket # 34 at 4). To the contrary, the record reveals that claims remain against twelve named defendants and eight "John Doe" defendants.[4] Given defendants' apparent confusion over the parties in this lawsuit, a review of these claims may be helpful. First, Barclay contends that upon transfer to the Attica Correctional Facility in 2002, various staff members retaliated against him for filing lawsuits against officials at Attica; among the acts of retaliation that he alleges is an assault against him by various of the defendants on November 20, 2002. (Docket # 6 at ¶¶ 1-54, 105-116). Barclay also alleges claims of inadequate medical care in connection with injuries that

---

[4] None of the remaining named defendants (Lowe, Mehnert, Schuck, Boxer, Nutal, Conway, Selsky and McSweeney) have filed answers. Although summons were issued to each, they were returned unexecuted. (Docket ## 8, 43). No further attempts to serve them have been made.

he purportedly suffered in the alleged assault. (*Id.* at ¶ 37). In addition, Barclay alleges that certain defendants discriminated against him on the basis of his race in educational programming by ignoring his college degree, falsifying certain test results and placing him in a pre-GED program. (*Id.* at ¶¶ 7-16, 30, 85-88). Barclay further claims that he was denied due process resulting in restricted confinement without recreation for 333 days. (*Id.* at ¶¶ 89-97). Finally, Barclay alleges that certain defendants have interfered with his right to practice his religion. (*Id.* at ¶¶ 117-121).

### B. Legal Standards

Rule 15(a) provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be allowed to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with

5

the spirit of the Federal Rules." *Id.*; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (*per curiam*); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

If the amendment proposed by the moving party is futile, however, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). To avoid dismissal, the proposed amended claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

When a party seeks to amend a complaint to add more defendants, a court must also consider Rule 20(a) of the Federal Rules of Civil Procedure. Rule 20(a) permits the inclusion of additional defendants if "any right to relief is asserted against them jointly, severally, or . . . with respect to . . . the same transaction, occurrence or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding. *See, e.g.*, *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir.) (Rule 20 "specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice"), *cert. denied*, 400 U.S. 878 (1970); *Liegey v. Ellen Figg, Inc.*, 2003 WL 21361724, *3 (S.D.N.Y. 2003) ("requirements of Rule 20(a) should be interpreted liberally"); *Kovian v. Fulton County Nat'l Bank and Trust Co.*, 1990 WL 36809, *9 (N.D.N.Y. 1990) ("there is no rigid rule as to what constitutes the same series of

6

transactions or occurrences"); *City of New York v. Joseph L. Balkan, Inc.*, 656 F. Supp. 536, 549 (E.D.N.Y. 1987) (requirements of Rule 20 are to be "liberally interpreted") (citations omitted).

### C. Discussion

I turn first to Barclay's proposed amendment to reinstate claims that the district court has already dismissed with prejudice. Clearly, any amendment of his complaint to reassert those claims would be futile. Thus, the district court should deny Barclay permission to revive the conspiracy, ADA and § 1997 claims, as well as the failure to protect claims against defendants other than Warner and Knapp-Davis. I also recommend that the district court prohibit Barclay from adding the other claims that the court previously dismissed in this action: state law tort claims, excessive force and denial of medical treatment claims against defendant Poland, official capacity claims against the individual defendants and claims against Goord, Szemplenski and the State of New York. Although the district court's decision does not indicate whether its dismissal was with prejudice, Barclay has advanced no reason that the Court should revisit its earlier determination.

Further, defendants oppose the addition of eleven new defendants to this action on the grounds that the statutes of limitations as to the claims against them have expired.[5] "The statute of limitations for a [Section] 1983 claim is generally the applicable state-law period for personal-injury torts." *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 124 n.5 (2005). Using this borrowing approach, the applicable statute of limitations for Section 1983 actions is three years – the limitations period provided under New York law for unspecified

---

[5] Those eleven are: Moran, Kennedy, Sinski, Hagmin, Horne, Green, James, Brigzna, Borawski and two "John Doe" defendants. All were named as defendants in the action dismissed by Judge Larimer.

injury actions. *See* N.Y. C.P.L.R. § 214(5); *Owens v. Okure*, 488 U.S. 235, 251 (1989) (applying New York's three-year statute of limitations to Section 1983 case); *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 35 (2d Cir. 1996) ("[b]ecause New York's three-year limitations period, applicable to section 1983 claims, expired [before the plaintiff filed his motion to amend], [the plaintiff] may now amend his complaint to add those officers only if the amendment would 'relate back' to the date he filed his original complaint") (internal citation omitted). The events that give rise to the constitutional claims under Section 1983 that Barclay proposes to assert against the newly-named defendants occurred during the period 2002 through 2003. (*See* Docket # 32). Thus, the statute of limitations as to those claims expired at the latest in 2006. This proposed amended complaint was not filed until 2009, making the Section 1983 claims untimely.[6]

Barclay has not argued or shown, nor does this Court find any basis to conclude, that the limitations period was tolled under the relation back doctrine. The relation back doctrine allows claims that are otherwise untimely to relate back to the claims in the original complaint. *See* Fed. R. Civ. P. 15(c); *Soto v. Brooklyn Corr. Facility*, 80 F.3d at 35. Under Rule 15(c)(1) of the Federal Rule of Civil Procedure, a plaintiff may amend a complaint in a federal action after the expiration of the limitations period when:

> (A) the law that provides the applicable statute of
> limitations allows relation back;

---

[6] In addition to constitutional claims, Barclay also seeks to add a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*. The limitations period applicable to claims brought under RLUIPA is four years. *See*, *e.g.*, *Williams v. Gerges*, 2005 WL 1773857, *6 (E.D.N.Y. 2005); *United States v. Maui County*, 298 F. Supp. 2d 1010, 1013 (D. Haw. 2003). Barclay's RLUIPA claim is based on actions that occurred on November 20, 2002 and April 5, 2003 (*see* Docket # 32 at ¶ 192) and is thus barred by the four-year statute of limitations.

8

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). *See* 3 *Moore's Federal Practice*, § 15.19[3][a] (3d ed. 1999) ("Rule 15 is the only vehicle available for a plaintiff to amend the complaint to change or add a defendant after the statute of limitations has run"). Rule 4(m) provides that the complaint must be served within 120 days of the date of filing. Fed. R. Civ. P. 4(m).

In this case, because the limitations period derives from state law, Rule 15(c)(1)(A) requires the Court to consider both federal and state law and employ whichever affords a "more forgiving" principle of relation back. *See, e.g.*, *DeRienzo v. Harvard Indus., Inc.*, 357 F.3d 348, 353 n.8 (3d Cir. 2004); *Peralta v. Donnelly*, 2009 WL 2160776, *3 (W.D.N.Y. 2009); *Murphy v. West*, 533 F. Supp. 2d 312, 316 (W.D.N.Y. 2008); *Wilson v. City of New York*, 2006 WL 2528468, *2 (S.D.N.Y. 2006). *See also* Fed. R. Civ. P. 15(c)(1) Advisory Committee's Note to 1991 Amendment ("[w]hatever may be the controlling body of limitations

law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim").

Analyzing federal law first, I find that Barclay cannot satisfy the relation back doctrine because he cannot show that the eleven additional defendants received notice of the action within 120 days of the filing of the initial complaint on November 20, 2003, or the amended complaint on July 23, 2004. *See* Fed. R. Civ. P. 15(c)(1)(C)(i). Even if the Court were to construe liberally Barclay's filing of the second lawsuit in which they were named as notice to them under this doctrine, no evidence exists that they were ever served with the complaint in that action or otherwise received notice of it.

In addition, Barclay does not and cannot show that his failure to name the additional defendants within the limitations period resulted from a mistake of identity. *See* Fed. R. Civ. P. 15(c)(1)(C)(ii). The events giving rise to the claims in the proposed amended complaint, including the alleged assault on July 11, 2003, occurred before Barclay filed the instant action on November 20, 2003, and he has not demonstrated why he could not have named the eleven defendants at that time. *Maccharulo v. Gould*, 643 F. Supp. 2d 587, 596 (S.D.N.Y. 2009) ("failure to include [defendants] in the initial pleading cannot constitute a mistake for the purposes of Rule 15(c)"). Obviously, he knew of their identities in July 2004 when he named them in the complaint that was subsequently dismissed by Judge Larimer.

Barclay has offered no explanation for his over four-year delay in filing the proposed amended complaint following Judge Larimer's September 13, 2004 order reminding him of the need to file a motion to amend if he wanted to pursue claims against the eleven defendants. At the time of Judge Larimer's decision, Barclay still had two years within which to

10

act before the limitations period expired. On these facts, Barclay cannot argue that he did not have adequate time to amend his complaint prior to the expiration of the statute of limitations or that he was unaware of the need to file such a motion in order to preserve those claims. Under federal law, it is simply too late now for Barclay to add eleven new defendants to this lawsuit.

Turning now to New York State law, I find that Barclay's claims against the newly-named eleven defendants fare no better. Under New York's relation back doctrine, the plaintiff must show that "(1) both claims arose out of same conduct, transaction or occurrence, (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for a mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well." *Id.* at 597 (quoting *Amaya v. Garden City Irrigation, Inc.*, 645 F. Supp. 2d 116, 121 (E.D.N.Y. 2009)). "Parties are united in interest only where 'the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other.'" *Gatto v. Smith-Eisenberg*, 721 N.Y.S.2d 374, 375 (2d Dep't 2001) (quoting *Desiderio v. Rubin*, 652 N.Y.S.2d 68, 70 (2d Dep't 1996)). *Accord Maccharulo v. Gould*, 643 F. Supp. 2d at 597. Here, Barclay cannot show that the eleven new defendants are "united in interest" with the current defendants. Nor can he demonstrate that the eleven defendants knew or should have known that they too would have been sued "but for a mistake by plaintiff as to the identity of the proper parties."

For these reasons, I recommend denial of Barclay's motion to amend the complaint to add claims against eleven newly-named defendants and to reassert previously

dismissed claims, including claims against Goord, Szemplenski and the State of New York. Due to the length of his proposed amended complaint (313 paragraphs comprising 43 pages) and the absence of an accompanying motion, it is unclear whether Barclay seeks to amend the substance of any claims currently pending before the Court. For this reason, and because he filed the proposed amended complaint within the deadline set by this Court for filing motions to amend the pleadings, I further recommend that the district court grant Barclay leave to file another motion to amend within a reasonable time period if he wishes to amend any of the currently pending claims. Any motion to amend must include a proposed amended complaint and clearly indicate, by reference to the amended complaint, the specific changes that he proposes to make.

## DECISION & ORDER

**Motions to Compel**

I turn next to Barclay's motions to compel. (*See* Docket ## 37, 45). Barclay alleges that on February 9, 2009, he served defendants with various discovery demands.[7] (Docket # 37 at ¶ 2). On February 23, 2009, defendants served Barclay with initial disclosures as required by this Court's scheduling order dated October 21, 2009. (Docket ## 31, 35). On April 28, 2009, Barclay filed the first of two motions to compel. (Docket # 37). It seeks an order compelling defendants to respond to the February 9, 2009 discovery demand, specifically, Requests Nos. 3, 4, 5, 12, 13 and 14. (*Id.* at ¶ 2). His motion papers also challenge the sufficiency of defendants' initial disclosures and request the issuance of a *subpoena duces tecum*.

---

[7] Barclay, a *pro se* plaintiff, did not file his discovery requests with the Court as required by Local Rule of Civil Procedure 7.1(a)(1).

(*Id.* at ¶¶ 32-35 and p. 11). Barclay filed a second motion to compel on August 19, 2009 that seeks essentially the same relief as the first.[8] (*Compare* Docket # 37 *with* Docket # 45).

Defendants oppose the motion to compel and the request for the issuance of a third-party *subpoena duces tecum* on the grounds that they seek documents relevant only to claims that have been dismissed from the action and that Barclay has not demonstrated their relevance to the pending claims against defendants Poland, Knapp-David, Roach and Warner. (Docket # 41 at ¶¶ 8, 9). As discussed above, defendants are incorrect that plaintiff's remaining claims concern only those four defendants; rather, Barclay's complaint asserts claims against twenty defendants, although sixteen of them have not yet been served.

The scope of discovery under the Federal Rules of Civil Procedure is broad, requiring only that the information sought be "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). *See also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) (parties entitled to discovery of any matter that appears "reasonably calculated to lead to the discovery of admissible evidence"); *Morse/Diesel, Inc. v. Fid. and Deposit Co. of Maryland*, 122 F.R.D. 447, 449 (S.D.N.Y. 1988) (term "reasonably calculated" in Rule 26(b)(1) means "any possibility that the information sought may be relevant" to a party's claim or defense) (internal quotations omitted).

---

[8] Because the second motion is duplicative of the first, it is denied as moot. The second motion is also captioned a motion for a protective order, but the body of the motion simply contains a one-sentence request for "a protective order as to his discovery materials and all his legal papers and books in this action . . . from spoliation by the defendants." (Docket # 46 at ¶ 39). Because the motion provides no factual basis to justify the requested relief, it is also denied.

13

Barclay challenges the adequacy of defendants' initial disclosures by noting the absence from defendants' production of certain misbehavior reports, as well as records relating to his grievance appeals. (Docket # 37 at ¶¶ 32-35). Because defendants have not responded to this allegation, the record is unclear whether such documents exist. I therefore direct defendants to produce to Barclay by no later than **April 16, 2010**, any documents evidencing and relating to his grievances and misbehavior reports during the years 2002 and 2003.

Next, Barclay requests that the Court compel defendants to respond to Requests Nos. 3, 4, 5, 12, 13 and 14 of his document demands. (Docket # 37 at ¶¶ 2, 36). Of these requests as drafted, only Request 14 is sufficiently clear to permit this Court to determine that it is relevant to the pending claims and should be answered by defendants. Accordingly, defendants shall produce documents responsive to Request No. 14 by no later than **April 16, 2010**. Requests Nos. 3, 4, 5, 12 and 13, by contrast, are overbroad and largely unintelligible. They appear to seek documents concerning Barclay's claim that defendants discriminated against him on the basis of race in educational programming. Defendants are hereby directed to review their initial disclosures and ensure that they contain copies of records relating to educational programming placements and decisions made by DOCS concerning Barclay. Any supplemental production of documents shall be made by no later than **April 16, 2010**.

For the foregoing reasons, Barclay's motions to compel are granted in part and denied in part. In addition, because these motions are now resolved, the stay of the deadlines set in this Court's amended scheduling order dated May 20, 2009 (Docket # 47) is hereby lifted, and a second amended scheduling order shall issue contemporaneously with this decision.

**Motion for a Subpoena Duces Tecum**

Barclay requests that this Court issue a *subpoena duces tecum* to the Seaman Church Institute in New York, New York to produce records verifying that he earned a diploma from that institution in 1976 in "the academic discipline of seamanship/nautical science, in the area of 'third mate' of any gross tonnage vessels upon the ocean." (Docket # 37 at 11). Although a subpoena presumably is not required for students to obtain copies of their records, Barclay alleges that his written requests for such information have not been answered. (Docket # 37 at 14, ¶ 2). This information is relevant to Barclay's claim arising from his placement in a pre-GED educational program. Accordingly, I direct the Clerk of the Court to issue a *subpoena duces tecum* to the Seaman Church Institute for the information Barclay requests.

**Service of the Summons and Amended Complaint on the Unserved Defendants**

As mentioned above, the following eight named defendants in this case have not yet been served: Lowe, Mehnert, Schuck, Boxer, Nutal, Conway, Selsky and McSweeney. Summonses were issued to each, but have been returned as unexecuted. (Docket # 8, 43). The United States Marshal's Service forms accompanying the summonses for Lowe and Boxer state, "unable to deliver as addressed." (Docket # 8). The forms for the remainder state that no response was received and the mail was not returned by the United States Postal Service. (Docket # 43).

The Court requests that the New York State Attorney General's office ascertain proper addresses for these defendants pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam). The Attorney General's Office need not undertake to defend or indemnify

15

these individuals at this juncture. This order merely provides a means by which the plaintiff, who is incarcerated and has been granted *in forma pauperis* status, may properly effect service on the defendants.

The Attorney General's is hereby requested to produce the information to the Court by **April 9, 2010.** Once this information is provided, amended summonses shall be issued, and the Court shall direct the United States Marshal's Service to serve the identified defendants.

### CONCLUSION

For the foregoing reasons, it is my recommendation that the district court deny plaintiff's motion to file the proposed amended complaint **(Docket # 32)**, but permit him to file a new motion to amend within a reasonable period of time in the event that he wishes to amend any pending claims. Further, it is my decision and order that plaintiff's motion to compel **(Docket # 37)** is **GRANTED in PART** and **DENIED in PART**; plaintiff's motion to compel **(Docket # 45)** is **DENIED as MOOT**; plaintiff's motion for a protective order **(Docket # 45)** is **DENIED**; and plaintiff's request for a *subpoena duces tecum* **(Docket # 37)** is **GRANTED**. The Clerk of the Court is directed to issue the *subpoena duces tecum*.

**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated: Rochester, New York
        March   24  , 2010

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                          *s/Marian W. Payson*
                                          MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated: Rochester, New York
       March __24__, 2010