# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

H. PATRICK BARCLAY,

                               Plaintiff,

                                             DECISION & ORDER

             -vs-

                                            03-CV-6585-CJS-MWP

STATE OF NEW YORK, *et al.*,[1]

                               Defendants.

---

## INTRODUCTION

**Siragusa, J.** Before the Court is the Report and Recommendation ("R&R") (Docket No. 52) of the Honorable Marian W. Payson, U.S. Magistrate Judge, recommending that the Court grant Plaintiff leave to file another motion to amend within a reasonable time, should he choose to do so, and include a proposed amended complaint clearly indicating the specific changes he proposes to make. For the reasons stated below, the Report and Recommendation is adopted in its entirety.

## BACKGROUND

Judge Payson filed her Report and Recommendation on March 24, 2010, and Plaintiff filed what he captioned as a "Declaration in Objection to the Report and Recommendation and Decision and Order" (Docket No. 57) on April 7, 2010. In his declaration, Plaintiff states, *inter alia*, that, "it is appearing, that Hon. Magistrate Judge Payson, overlooked the fact of Hon. Judge Larimer's intent to be allowing Plaintiff Barclay

---

[1]Although the State of New York was dismissed as a defendant on June 17, 2004, the name is kept for continuity purposes.

to still file his claims had in the action docket No. 04-CV-6321 that he dismissed as duplicative to Barclay's case limitation to docket 04-CV-6321." (Pl.'s Decl. ¶ 48.)

After an extensive recitation of the procedural history of the case, Plaintiff makes the argument that when he appealed U.S. District Judge David G. Larimer's Decision and Order to the Second Circuit, "the decisions of both the Second Circuit panel judge and Judge Larimer below, constructively tolled the statute of limitation on docket 04-CV-6321." (Pl.'s Decl. ¶ 29.) Judge Payson reached the opposite conclusion, as she explained in her Report and Recommendation:

> Approximately eight months after Barclay initiated the instant action, he filed a second action in this district. *See Barclay v. Lowe*, No. 04-CV-6321 (W.D.N.Y. 2004). In the complaint in that action, he alleged that over a dozen defendants, some of whom he had named in this action, further violated his constitutional rights at Attica. For example, the complaint alleged that defendant Lowe, a defendant in this action, and other defendants assaulted him on July 11, 2003. (*See* 04-CV-6321, Docket # 1). United States District Judge David G. Larimer subsequently dismissed the second action as duplicative of the instant action. (*See id.*, Docket # 3). In his dismissal order, Judge Larimer advised Barclay that if he wished to add claims or facts that had not been alleged in the instant action, then he "may wish to make a motion . . . to be allowed to file a further amended complaint [in the instant case]." (*Id.*). Judge Larimer's dismissal was affirmed on appeal. *Barclay v. Lowe*, 131 F. App'x 778 (2d Cir. 2005).
>
> On January 26, 2009, over four years after Judge Larimer's decision, Barclay filed the pending motion to amend his complaint. (Docket # 32). The proposed amended complaint names fourteen new defendants, all of whom were named as defendants in the action dismissed by Judge Larimer and three of whom were previously dismissed from this instant action by Judge Siragusa: the State of New York, Goord and Szemplenski. A comparison of the proposed amended complaint with the complaint that Judge Larimer dismissed reveals that the claims against the eleven newly-named defendants largely mirror those that were dismissed by Judge Larimer. In addition, the proposed amended complaint asserts the same claims (conspiracy, failure to protect, state law tort, ADA and 42 U.S.C. § 1997) that were previously dismissed by Judge Siragusa.

(Report & Recommendation, at 2–3.) Plaintiff disputes Judge Payson's conclusion that the Court deny,

> Barclay's motion to amend the complaint to add claims against eleven newly-named defendants and to reassert previously dismissed claims, including claims against Goord, Szemplenski and the State of New York. Due to the length of his proposed amended complaint (313 paragraphs comprising 43 pages) and the absence of an accompanying motion, it is unclear whether Barclay seeks to amend the substance of any claims currently pending before the Court. For this reason, and because he filed the proposed amended complaint within the deadline set by this Court for filing motions to amend the pleadings, I further recommend that the district court grant Barclay leave to file another motion to amend within a reasonable time period if he wishes to amend any of the *currently pending claims*.

(Report & Recommendation, at 11 (emphasis added).)

## STANDARDS OF LAW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific" and "written," and submitted "[w]ithin 14 days after being served with a copy" of the report and recommendation. Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C).

Where a party submits timely objections to a report and recommendation, as Plaintiff has here, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

**ANALYSIS**

Judge Payson's Report details the basis for Judge David G. Larimer's decision dismissing Plaintiff's action in 04-CV-6321 and Judge Larimer's comment about further amending the complaint in this case. (Report & Recommendation at 3.) More than four years later, Plaintiff moved in this case to amend (Docket No. 32). Judge Payson analyzed the proposed amended complaint and compared it with the one Judge Larimer dismissed, finding that "claims against the eleven newly-named defendants largely mirror those that were dismissed by Judge Larimer." (Report & Recommendation at 3.) Contrary to the position taken by Defendants, Judge Payson found that "claims remain against twelve named defendants and eight 'John Doe' defendants." (*Id*. at 4 (footnote omitted).)

Plaintiff contends that the decision issued by the Second Circuit when he appealed Judge Larimer's decision tolled the statute of limitations, and cites to the Circuit court's summary order in case number 04-5441-pr. After reviewing the background of the case, the Second Circuit wrote:

> Here, the district court did not abuse its discretion in dismissing Barclay II. Contrary to Barclay's assertion, the two suits involve essentially the same facts, and there are no special circumstances that favor prioritizing Barclay II. Both suits allege that Attica officials assaulted Barclay in retaliation for filing lawsuits and grievances, denied him adequate medical care, discriminated against him based on his race, and subjected him to false disciplinary charges. In regard to the alleged assault that took place in July 2003 that was raised in Barclay II, this claim could have been presented to the district court in Barclay I, as the complaint in that case was filed after the date of the alleged incident. *See id*.[2] (claim preclusion "'precludes the parties or their privies from relitigating issues that were or could have been raised in [the first] action'") (quoting *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981)). Furthermore, Barclay can still raise this claim by amending his complaint in the first suit, as the first suit is still pending in the district court,

---

[2]Referring to *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000).

> and the district court has advised Barclay to make a motion to add the new claims that he raised in Barclay II to Barclay I. *See* Dist. Ct. Dkt. Sht. No. 03-cv-6585.
>
> Although Barclay named different defendants in the second suit than in the first, the suits are nonetheless duplicative because the defendants in the second suit are in privity with the defendants in the first suit. All defendants are employees of Attica and their interests are adequately represented by those in the first suit who are "vested with the authority of representation." *Alpert's Newspaper Delivery, Inc. v. The New York Times Co.*, 876 F.2d 266, 270 (2d Cir. 1989).
>
> The district court did not abuse its discretion in dismissing Barclay II instead of consolidating it with Barclay I, as it is within its power to administer its docket so as to avoid duplicative litigation in any manner it chooses. *See Curtis*, 226 F.3d at 138-39.
>
> For the foregoing reasons, district court's judgment dismissing Barclay's complaint is AFFIRMED.

*Barclay v. Lowe*, 131 Fed. Appx. 778, 779 (2d Cir. N.Y. 2005). Nothing in the decision indicates that the Second Circuit tolled the statute of limitations. The decision was issued on May 24, 2005. The Court of Appeals only observed that the first lawsuit was still pending before the district court—nothing more.

Plaintiff has not brought to the Court's attention anything to support his contention that the mere mention of a pending case by the Circuit court is sufficient to toll the statute of limitations as to claims not brought in that case. In the action referred to as *Barclay II*, Plaintiff included an allegation that one defendant in the present case assaulted him on July 11, 2003. Plaintiff filed his complaint in that case on July 13, 2004, one year and two days after the incident occurred. Judge Larimer dismissed that complaint on September 10, 2004, and the judgment was entered on September 13, 2004, one year, two months and two days after the incident giving rise to the complaint. The Second Circuit decision was issued on May 24, 2005, or one year, ten months and thirteen days after the incident.

Plaintiff, however, waited until January 26, 2009, or five years, six months and 15 days, after the incident giving rise to the claim before moving in this case to amend his complaint.

Under the circumstances, the Court finds no basis to apply the doctrine of equitable tolling here, especially since the motion to amend was not made until four years, eight months and two days after the Second Circuit's decision. *Cf. Morris v. City of New York*, 98 Civ. 6607 (HB), 2003 WL 22533399, 4 (S.D.N.Y. Nov. 7, 2003) ("the Second Circuit's direction that Morris amend his complaint to assert a claim against the City of New York (instead of the New York City Police Department), suggests that Morris' claims were tolled during the appeal-otherwise, this direction would be of no force and effect.").

Judge Payson's Report also thoroughly analyzed the application of the relation back doctrine under both Federal and State principles of law. (R&R at 9–10.) Plaintiff submits no authority for his contention that notice to the New York Attorney General is sufficient to meet the notice requirement of the relation back doctrine. This Court previously decided *Peralta v. Donnelly*, 04-CV-6559 (CJS), 2009 WL 2160776 (W.D.N.Y. Jul. 16, 2009). In that case, the Court wrote:

> 2. Notice
>
> As the Supreme Court noted in discussing Rule 15(c), "[t]he linchpin is notice, and notice within the limitations period." *Schiavone v. Fortune*, 477 U.S. 21, 31 (1986). However, for purposes of Rule 15(c)(1)(C), the potential party need not receive formal notice. *Blaskiewicz v. County of Suffolk*, 29 F.Supp.2d 134, 138 (E.D.N.Y.1998). But the notice must be such that the defendant "will not be prejudiced in defending on the merits." Rule 15(c)(1)(C)(i); *accord Velez v. Fogarty*, No. 06-CV-13186 (LAK)(HBP), 2008 WL 5062601, at *5 (S.D.N.Y. Nov. 20, 2008). Furthermore, under the constructive notice doctrine, "[t]he court can impute knowledge of a lawsuit to a new defendant government official through his attorney, when the attorney also represented the official(s) originally sued so long as there is some showing that the attorney knew that the additional defendants would be added to the existing suit." *Velez*, 2008 WL 5062601, at *5; *accord*

> *Gleason v. McBride*, 869 F.2d 688, 693 (2d Cir. 1989); *Mabry*, 2008 U.S. Dist. Lexis 17283, at *15.
>
> The constructive notice doctrine relies on the theory that the new "defendant is not prejudiced by the lack of notice if his attorney has already begun preparing a defense for the named defendant during the limitations period." *Velez*, 2008 WL 5062601, at *5. The counsel must have known or should have known that the new defendant would be added. *Blaskiewicz*, 29 F.Supp.2d at 139 (citing Gleason, 869 F.2d at 693); *Byrd*, 964 F. Supp. at 146-47 (finding counsel on notice when plaintiff stated in complaint that officer on duty during incident would be defendant). Under the New York State requirements, the original Complaint must have included a sufficient description of the John Doe defendant to meet the notice requirement. Wilson, 2006 WL 2528468, at *3 (finding John Doe police officer defendant received sufficient notice when plaintiff identified date, approximate time, and place of arrest).
>
> In this case, counsel for Defendant knew that another defendant would be added and had sufficient information with which to identify the unnamed defendant. At the outset of the case, the Court directed the Clerk of Court to forward the Court's initial Order and the Complaint "to the Attorney General's Office to facilitate the identification of the John Doe medical physician at Wende Correctional Facility, RMU Unit." (Docket # 3.) On November 18, 2005, the Court also ordered the Clerk to forward copies of the Complaint, Amended Complaint and the Court's Order to the Assistant Attorney General in Charge. (Docket # 5.) In his Complaint, Plaintiff clearly stated a claim against the person who prescribed him Kayexalate in March 2003 and who should have been monitoring his condition. (Docket # 1.) Furthermore, Defendant's counsel clearly had access to Plaintiff's medical records within the limitations period, since Plaintiff received an incomplete copy of his medical records from the Attorney General's office in January 2006. (Docket # 8.) Therefore, since Defendant's counsel had notice that another defendant would be added, had Plaintiff's description of the person he intended to sue, and had access to the relevant records to identify that person, the Court finds that Plaintiff has satisfied the notice requirement for relation back of amendments under Rule 15.

*Peralta*, 2009 WL 2160776, *5–6. Contrary to the situation in *Peralta*, where the plaintiff did not know the name of the individual who had prescribed him a certain medication, but named him in the lawsuit, here Plaintiff, as observed by Judge Payson (R&R at 10-11), offered no explanation as to why he failed to name the eleven defendants originally named

in *Barclay II*, until four years and eight months after the Second Circuit decided his appeal in that case. Accordingly, the Court declines to apply constructive notice here.

## CONCLUSION

The Court rejects Plaintiff's objections to the R&R and adopts Judge Payson's recommendation in total. Plaintiff's motion to file the proposed amended complaint (Docket # 32), is denied, but Plaintiff is permitted to file a new motion to amend by September 30, 2010, in the event that he wishes to amend any *pending claims*.

IT IS SO ORDERED.

Dated: September 10, 2010
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge