UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

H. PATRICK BARCLAY,

        Plaintiff,

v.

OFFICER POLAND, et al.,

        Defendants.

DECISION & ORDER

03-CV-6585CJS

---

        Plaintiff H. Patrick Barclay ("Barclay") has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, asserting constitutional claims for retaliation, excessive force, deliberate indifference to serious medical needs, due process violations, racial discrimination, and denial of the right to practice religion. (Docket # 6). Currently pending before the Court is a motion filed by plaintiff to compel discovery. (Docket # 61).

        On June 22, 2010, plaintiff filed a motion to compel defendants to provide discovery that this Court ordered them to produce by Decision & Order dated March 24, 2010 (*see* Docket # 52), including the name of the "proctor who had supervised the administering of any sort of academic testing of plaintiff upon his admittance to the care and custody of the State of New York Department of Correctional Services or at any of the facilities where plaintiff was [] housed." (Docket # 52; *see also* Docket # 41, Exhibit A at ¶ 14). On July 26, 2010, defendant filed with the Court copies of defendants' responses to this Court's March 24, 2010 Order, which counsel represents had been previously provided to plaintiff, but not filed with the Court. (Docket ## 63, 64 at ¶ 3). Counsel also filed an affidavit in opposition to the motion to compel

affirming that "[a] diligent search for the name of the proctor or administrator of the testing [in 1997] did not result in any information responsive to said demand." (Docket # 64 at ¶ 6).

No court can compel production of that which does not exist. *See*, *e.g.*, *Ippolito v. Goord*, 2008 WL 5000093, *1 (W.D.N.Y. 2008) (citing *American Banana Co., Inc. v. Republic Nat'l Bank of New York, N.A.*, 2000 WL 521341, *3 (S.D.N.Y. 2000)). Although plaintiff is evidently incredulous that defendants do not have a record of the individual who administered the testing in 1997, plaintiff has adduced no facts to establish or even reasonably suggest that such information – relating to testing administered over a dozen years ago – is in fact within the possession, custody or control of defendants. Accordingly, I deny plaintiff's motion to compel.

Plaintiff's reply also requests an extension of time for discovery because he has filed a motion to amend, which remains pending. In the event that plaintiff's motion to amend is granted, this Court will consider what, if any, additional discovery is appropriate. Unless and until such a motion is granted, all existing deadlines remain in force.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel **(Docket # 61)** is **DENIED**. It is also the decision and order of this Court that plaintiff's request for an extension

of time to complete discovery is denied and all existing deadlines shall remain in full force and effect until such time that this Court rules otherwise.

**IT IS SO ORDERED.**

          *s/Marian W. Payson*
          MARIAN W. PAYSON
          United States Magistrate Judge

Dated: Rochester, New York
       January 21, 2011