UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

H. PATRICK BARCLAY,

                      Plaintiff,

              v.

OFFICER POLAND, et al.,

                      Defendants.
_____

REPORT & RECOMMENDATION
and DECISION & ORDER

03-CV-6585CJS

Plaintiff H. Patrick Barclay ("Barclay") has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, asserting constitutional claims for retaliation, excessive force, deliberate indifference to serious medical needs, due process violations, racial discrimination and denial of the right to practice religion. (Docket # 6). Currently pending before the Court is a motion by plaintiff to amend his complaint. (Docket # 69). Barclay also has requested appointment of counsel. (*Id*. at p. 10, ¶ 53).

I. **Motion to Amend**

        The factual allegations of Barclay's complaint have been set forth in detail in previous decisions and will not be recounted here except where relevant to resolution of the issues.[1] The instant motion represents Barclay's third attempt to amend his complaint. On March 24, 2010, this Court recommended that the district court deny Barclay's previous motion to amend the complaint to add new defendants, but also recommended that Barclay be permitted

---

[1] *See Barclay v. Polan[d]*, 2004 WL 2900694 (W.D.N.Y. 2004); *Barclay v. Poland*, 2006 WL 145552 (W.D.N.Y. 2006); *Barclay v. Poland*, 2010 WL 3657664 (W.D.N.Y. 2010).

to seek to amend his pending claims if he wished to do so. (Docket # 52 at 11-12). On September 14, 2010, United States District Judge Charles J. Siragusa adopted this Court's report and recommendation and gave Barclay until September 30, 2010 to file a new motion to amend any *pending claims*. (Docket # 67 at 8) (emphasis in original).[2] Barclay filed the instant motion on October 6, 2010. (Docket # 69). Despite the issuance of a motion scheduling order affording defendants an opportunity to respond to Barclay's motion, they have not done so. (Docket # 71).

Barclay seeks to amend his complaint (1) to reinstate Szemplenski as a defendant; (2) to add an allegation that defendants Lowe and Mehnert broke his right hand during an alleged assault in November 2002; and, (3) to add a claim for racial discrimination under 42 U.S.C. § 1981 in connection with educational programming.[3] (Docket # 69).

In a previous decision, Judge Siragusa dismissed Barclay's claims against Szemplenski on the basis that Barclay had failed to allege Szemplenski's personal involvement in any of his claims. (Docket # 17 at 5-7). Specifically, Barclay had alleged that he had written letters to which Szemplenski did not respond. (*Id*.). Judge Siragusa dismissed those claims on the grounds that receipt of a letter does not establish personal involvement. (*Id*.). In the instant motion, Barclay alleges he inadvertently omitted from his previous complaint that Szemplenski

---

[2] The Second Circuit dismissed Barclay's appeal of that decision on May 16, 2011. (Docket ## 73, 75).

[3] Additionally, Barclay's proposed amended complaint includes several claims that have already been dismissed from this case and that Barclay was denied permission to revive in his previous motion to amend. (Docket ## 52 at 7; 67; 69). Those are: a claim for excessive force against Poland, conspiracy claims, failure to protect claims, a claim under 42 U.S.C. § 1997, claims under the Americans with Disabilities Act, and state claims for libel, slander, defamation and fraud. (*Id*.). In a supplemental filing, Barclay acknowledges that these claims have been dismissed, but states that he wishes to maintain them in the event he seeks to appeal. (Docket # 70). For the reasons stated in my previous report and recommendation, I again recommend that the district court deny Barclay's motion to revive these claims.

did respond to his letters, but still did nothing. (Docket # 69 at p. 8-9, ¶¶ 34-40; p. 25, ¶ 31).[4] As Judge Siragusa noted, "[p]ersonal involvement will be found . . . where a supervisory official receives and acts on a prisoner's grievance or otherwise reviews and responds to a prisoner's complaint." *Rivera v. Pataki*, 2005 WL 407710, *23 (S.D.N.Y. 2005) (quoting *Johnson v. Wright*, 234 F. Supp. 2d 352, 363-64 (S.D.N.Y. 2002)). Because defendants failed to oppose the motion to amend and Barclay has now alleged that Szemplenski replied to one of his letters and still took no action to remedy his complaint, I grant Barclay's motion to amend his complaint to reinstate his claims against Szemplenski.

I also grant Barclay's motion to amend his complaint to add an allegation that Lowe and Mehnert broke his hand during the alleged November 2002 assault. (Docket # 69 at 26, ¶ 39). This amendment only adds detail to Barclay's previous claim for generalized physical injuries.

Finally, I also grant Barclay's motion to add a claim for racial discrimination under 42 U.S.C. § 1981. Specifically, Barclay alleges that defendants discriminated against him on the basis of his race in connection with educational programming by placing him in a pre-GED program and preventing him from pursuing graduate studies. (Docket # 69 at p. 24, ¶ 26; p. 41-43, ¶¶ 132-44).

In relevant part, Section 1981 provides that:

[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce

---

[4] In addition, Barclay states that he submitted a letter application on June 3, 2010 to Judge Siragusa to reinstate Szemplenski as a defendant. (Docket # 69 at p. 8, ¶ 34). Upon review of Barclay's file, this Court is unable to find the referenced letter, but did find a letter from Barclay dated June 21, 2010 referencing his June 3, 2010 letter. (*See* letter from Barclay dated June 21, 2010). According to Barclay, he recently found the letter from Szemplenski and included it with the June 3, 2010 letter. (Docket # 69 at p. 8-9, ¶¶ 38, 40).

>contracts, to sue, be parties, give evidence, *and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens*, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981 (emphasis added). In order to plead a prima facie case of discrimination under Section 1981, a plaintiff must allege (1) that he is "a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). In order to make out a claim under Section 1981's "equal benefit" clause, a plaintiff must allege that defendants committed a tort or a civil rights violation actionable under 42 U.S.C. § 1983. *Cowart v. McGinnis*, 2007 WL 4030000, *9 (W.D.N.Y. 2007). There is no question that Barclay's proposed amended complaint adequately pleads the first two prongs. As to the third prong, Barclay's claims relating to educational programming have already been screened by the district court and found to satisfy the criteria of 28 U.S.C. §§ 1915(e) and 1915A. (Docket # 7). Thus, Barclay has alleged a civil rights violation under Section 1983. Accordingly, and in light of defendants' lack of opposition to this amendment, I grant Barclay's motion to amend his complaint to include a claim for discrimination under Section 1981 related to educational programming.[5]

---

[5] To the extent, however, that Barclay's claim under Section 1981 also sets forth allegations of a conspiracy to racially discriminate in violation of 42 U.S.C. §§ 1985 and 1986, those claims have already been dismissed with prejudice and, as discussed above, should not be revived here. (Docket # 7 at 11).

**II. <u>Motion to Appoint Counsel</u>**

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at

174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

As a threshold matter, this Court notes that Barclay has been given leave to proceed *in forma pauperis*. (Docket # 5). The Court is unable to ascertain, however, at this stage of the litigation whether his claims likely have merit. In any event, Barclay has failed to demonstrate that his case is complex or that he will be unable to adequately litigate his claims without assistance of counsel. In addition, the Court also notes that there are a limited number of local attorneys available to handle cases on a *pro bono* basis. *Cooper*, 877 F.2d at 172 ("every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."). Based on this review, plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is plaintiff's responsibility to retain an attorney or press forward with this action *pro se*.

## CONCLUSION

For the reasons discussed above, Barclay's motion to amend his complaint **(Docket # 69)** is **GRANTED in PART**. Specifically, Barclay may amend his complaint to reinstate Szemplenski as a defendant, to allege that Lowe and Mehnert broke his right hand during the alleged November 2002 assault and to assert a claim for racial discrimination under 42

U.S.C. § 1981.  I recommend that the district court deny Barclay's motion to amend in all other respects.  Plaintiff's motion for appointment of counsel **(Docket # 69)** is **DENIED**.

Barclay is directed to file with the Clerk of the Court by no later than **October 7, 2011**, a Second Amended Complaint including all of his pending claims, and the amendments granted herein, but omitting the claims previously dismissed from this case.

Upon receipt of plaintiff's Second Amended Complaint, because plaintiff is proceeding in this action *in forma pauperis*, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Second Amended Complaint, and this Order upon defendant Szemplenski without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in the plaintiff's favor.  Service of the amended complaint on the defendants who have already appeared in this action shall be made by the Clerk's mailing of a copy of the amended complaint to the defendants' attorney of record.

           *s/Marian W. Payson*
           MARIAN W. PAYSON
           United States Magistrate Judge

Dated: Rochester, New York
      September   16   , 2011

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
      September   16   , 2011